**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**STATE AUTO INSURANCE COMPANIES,**

      Plaintiff,

v.                                                        **CIVIL ACTION NO. 3:11-CV-99
(JUDGE GROH)**

**AIR-ROW SHEET METAL COMPANY, INC.,**

      Defendant.

**MEMORANDUM OPINION AND ORDER GRANTING PARTIES' JOINT MOTION TO VACATE SCHEDULING ORDER AND DISMISSING ACTION**

**I. Introduction**

Pending before the Court is Plaintiff State Auto Insurance Companies' ("State Auto") Motion for Summary Judgment [Doc. 22], filed on November 15, 2012. Defendant Air-Row Sheet Metal Company, Inc. ("Air-Row") filed its response to Plaintiff's Motion for Summary Judgment [Doc. 24] on December 7, 2012. In that response, Defendant Air-Row also requested the Court to exercise its discretion and dismiss this matter. State Auto filed its reply on January 2, 2013.

Also pending before the Court is the parties' Joint Motion to Vacate Scheduling Order [Doc. 28], filed on January 9, 2013. The parties request that the Court vacate the Scheduling Order, including the February 26, 2013 trial date. For the following reasons, the Court **GRANTS** the parties' Joint Motion to Vacate the Scheduling Order and **DISMISSES** the case.

1

## II. Factual and Procedural History

State Auto filed the instant declaratory judgment action in the Northern District of West Virginia pursuant to the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201, *et seq.*, on November 10, 2011. State Auto seeks a declaration from this Court as to the applicability of coverage under a Commercial General Liability ("CGL") insurance policy State Auto issued to its insured, Air-Row.

**A. Underlying State Court Action**

This declaratory judgment action arises out of an underlying action entitled ***Dealership Management Company, LLC v. Air-Row Sheet Metal Co., Inc.***, filed in the Circuit Court of Berkeley County, West Virginia, civil action number 11-C-519 ("underlying action"), on June 29, 2011. In the underlying action, Air-Row entered into a contract with Dealership Management Company, LLC ("DMC") on or about May 19, 2006 to provide heating, ventilation and air conditioning work for a construction project, and DMC was to make certain payments to Air-Row  In DMC's original Complaint, it alleged that Air-Row incorrectly installed and failed to complete the HVAC system for a project and that Air-Row failed to perform its duties in compliance with the contract.

On November 19, 2012, an order was entered by the Circuit Court of Berkeley County, West Virginia in the underlying action granting leave to DMC to file an Amended Complaint against Air-Row. The Amended Complaint was filed on November 27, 2012, and it now alleges tort claims against Air-Row, including a separate count for negligence. The amendment raises not only additional coverage issues, but it may also trigger State Auto's duty to indemnify and defend Air-Row.

2

**B. Instant Declaratory Action**

On November 10, 2011, Plaintiff State Auto filed this declaratory judgment action seeking a declaration from the court that State Auto's CGL policy issued to Air-Row for the policy period August 1, 2005 to August 1, 2006 does not provide insurance coverage for the underlying action.

State Auto filed its Motion for Summary Judgment in this action on November 15, 2012. A few days later, on November 19, 2012, DMC filed an Amended Complaint in the underlying state court action. On December 7, 2012, Defendant Air-Row filed a Response in Opposition to the Motion for Summary Judgment and moved the Court to, in its discretion, dismiss the subject action based on the filing of the Amended Complaint in the underlying case. On January 2, 2013, State Auto replied and argued that its Motion for Summary Judgment was still properly before the court because DMC's amended complaint did not change the substance of DMC's arguments.

On January 9, 2013, the parties filed a joint motion to vacate the scheduling order. Now, both parties admit that the Amended Complaint contains "some new, additional or modified information." Mem. In Support of Joint Mot., [Doc. 28].

### III. Analysis

**A. Federal Jurisdiction Under the Declaratory Judgment Act**

The Federal Declaratory Judgment Act provides that district courts "*may* declare the rights and other legal relations of any interested party seeking such declaration whether or not further relief is or could be sought." **28 U.S.C. § 2201(a)** (emphasis added). The Supreme Court of the United States made clear that "district courts

3

possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282, 115 S. Ct. 2137, 2140 (1995) (citing *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 62 S. Ct. 1173 (1942)). The Court characterized the Declaratory Judgment Act as "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Wilton*, 515 U.S. at 287, 115 S. Ct. at 2143 (citations omitted). Therefore, a district court

> is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close. In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration.

*Wilton*, 515 U.S. at 288, 115 S. Ct. at 2143. The Fourth Circuit has recognized and applied the Supreme Court's holding in *Wilton*. *Centennial Life Ins. Co. v. Poston*, 88 F.3d 255, 257-58 (1996) ("To whatever extent our previous decisions have implied further constraints on district court discretion, *see, e.g., Nautilus*, 15 F.3d at 375, those decisions must give way to the clear teachings of *Wilton*.").

**B. Fourth Circuit's Framework**

    **I. *Quarles* Criteria**

The Fourth Circuit has recognized that "district courts have great latitude in determining whether to assert jurisdiction over declaratory judgment actions." *Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co.*, 139 F.3d 419, 422 (4th Cir. 1998); *Poston*, 88 F.3d at 256; *Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321, 324 (4th Cir. 1937). To

4

guide district courts when exercising this discretion, the Fourth Circuit noted that a declaratory judgment "is appropriate 'when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and . . . when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" **Poston**, 88 F.3d at 256 (quoting **Quarles**, 92 F.2d at 325).

In this case, a declaratory judgment from this Court would serve a useful purpose in clarifying and settling the coverage questions at issue. A decision as to whether State Auto must defend and indemnify Air-Row will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to this proceeding. However, an underlying state court proceeding is pending. Therefore, the Court must carefully weigh the *Nautilus* factors outlined below.

## II. *Nautilus* Factors

The Fourth Circuit has articulated four factors for district courts to consider in determining whether to proceed with a federal declaratory judgment action when a parallel state court action is pending:

> (1) whether the state has a strong interest in having the issues decided in its courts; (2) whether the state court could resolve the issues more efficiently than the federal court; (3) whether the presence of overlapping issues of fact or law might create unnecessary entanglement between the state and federal court; and (4) whether the federal action is mere procedural fencing in the sense that the action is merely the product of forum shopping.

**Great Am. Ins. Co. v. Gross**, 468 F.3d 199, 211 (4th Cir. 2006) (citing **Nautilus Ins. Co. v. Winchester Homes, Inc.**, 15 F.3d 371, 375 (4th Cir. 1994)).

### 1. West Virginia's Interest

The first *Nautilus* factor is the strength of the state's interest in having the issues

5

raised in the federal declaratory action decided in the state courts. The issues pending before this court are whether the policy provides coverage and whether the policy requires State Auto to defend and indemnify Air-Row. Although the issues are not particularly novel or complex, the issues are controlled by West Virginia law, and this weighs in favor of deference to the state action. *See* **State Farm Fire & Cas. Co. v. Kirby**, 919 F. Supp. 929, 943 (N.D.W. Va. 1996).

### 2. Efficiency

In considering the efficiency factor, a district court should determine "'whether the questions in controversy between the parties to the federal suit . . . can better be settled in the proceeding[s]' that are already 'pending in the state court[s].'" **Nautilus**, 15 F.3d at 378 (quoting **Brillhart**, 316 U.S. at 495). The district court must conduct a "careful inquiry into 'the scope of the pending state court proceeding' including such matters as 'whether the claims of all parties in interest [to the federal proceeding] can satisfactorily be adjudicated in [the state proceeding].'" **Id.** Also, the Fourth Circuit has expressed a preference not "to try a controversy by piecemeal, or to try particular issues without settling the entire controversy, or to interfere with an action which has already been instituted." **Quarles**, 92 F.2d at 324.

Here, the controversy between State Auto and Air-Row focuses on whether the CGL policy issued by State Auto to Air-Row provides any coverage to Air-Row in the underlying action and whether State Auto has any duty to defend or indemnify Air-Row. This controversy will not be settled entirely before this Court because the coverage issues are necessarily predicated on the underlying state court action, which is not

6

finalized and still pending before the Berkeley County Circuit Court.  As recently as November 19, 2012, Plaintiff in the underlying state court action was granted leave to file an Amended Complaint.  The Amended Complaint was filed on November 27, 2012.  The Amended Complaint raised new, additional, and modified information that directly implicates the coverage issue before this Court, including whether Plaintiff State Auto has a duty to defend or indemnify Defendant Air-Row.  As a result, the Amended Complaint affected the pending motion for summary judgment before this Court.  Therefore, the efficiency factor weighs in favor of the state court proceeding.

The state court proceeding was filed before this action, and it directly affects the coverage issue before this Court.  Additionally, the case has been pending in the state court since June 29, 2011, and a substantial amount of discovery has occurred in the underlying action.   If the Court allows this action to proceed, it would be trying the litigation by piecemeal by resolving only the coverage claim and leaving the underlying claims for the state court.  To avoid duplicate work and litigation as well as an inefficient allocation of judicial resources, the efficiency factor weighs in favor of the pending state court action.

### 3. Entanglement

The third factor requires the district court to determine whether the state and federal actions present "overlapping issues of fact or law." **Nautilus**, 15 F.3d at 377 (quoting **Mitcheson v. Harris**, 955 F.2d 235, 239 (4th Cir. 1992)).  In *Mitcheson*, the court held that dismissal of the declaratory judgment action was appropriate because overlapping issues of fact and law would have "'frustrate[d] the orderly progress'" of the

state court proceedings by leaving the state court with some parts of a case foreclosed from further examination but still other parts in need of full scale resolution." 955 F.2d at 239 (quoting **Phoenix Ins. Co. v. Harby Marina, Inc.**, 294 F. Supp. 663, 664 (N.D. Fla. 1969)).

In light of DMC's Amended Complaint, the underlying state court proceeding will involve litigation of the same facts and issues of insurance coverage that this Court has been asked to resolve. If this Court retained jurisdiction, it would necessarily be asked to resolve some of the same factual disputes that the state court will address. Because of the near certainty of entanglement, this factor weighs in favor of the pending state action.

### 4. Procedural Fencing

Finally, the Court does not find that this declaratory judgment action is being used as a device for "'procedural fencing,'" i.e., "'to provide another forum in a race for res judicata'" or "'to achiev[e] a federal hearing in a case otherwise not removable.'" *Nautilus*, 15 F.3d at 377 (citation omitted). *Nautilus* suggests that "procedural fencing" is evident where "a party has raced to federal court in an effort to get certain issues that are already pending before the state courts resolved in a more favorable forum." *Id.* at 380. The state court action was filed on June 29, 2011. A few months later, on November 10, 2011, Plaintiff State Auto filed this action in federal court. Although State Auto filed this action months after the state court action was filed, there is no indication that State Auto filed this action as a method for procedural fencing.

Even though Plaintiff State Auto did not engage in procedural fencing, this factor

8

is outweighed by other considerations of federalism, efficiency, and comity which militate in favor of dismissal of the action. Because three of the four *Nautilus* factors weigh in favor of dismissal, the Court **DISMISSES** this action.

### IV. Conclusion

For the foregoing reasons, it is hereby **ORDERED** that the parties' Joint Motion to Vacate Scheduling Order is **GRANTED** and the Plaintiff's Complaint for Declaratory Judgment is **DISMISSED WITHOUT PREJUDICE**. It is further **ORDERED** that this civil action be **DISMISSED and STRICKEN** from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

**DATED**: January 16, 2013.

GINA M. GROH
UNITED STATES DISTRICT JUDGE